Mr. Justice Clayton
delivered the following opinion.
This case is in all respects like that of Comstock v. Rayford, 1 S. & M. 423; of Trotter v. White, 10 S. & M. 641; and of Freeman v. Malcom & Gaul, (ante, 53,) at this term of the court, except that, in those cases, the complainants were non-residents, and in this they are resident citizens. In the former cases the jurisdiction in chancery was sustained; shall the same rule prevail in this, or has the legislature provided a remedy for non-resi *63 dents, which it has denied to our own citizens ?■ It is a question which depends entirely on the construction of the statute, for it is conceded, that without a statute giving jurisdiction to courts of equity to enforce the payment of a debt, or to render a decree for it, no such jurisdiction exists, unless in aid of the law to remove obstacles out of the way of an execution, or in the exercise of its peculiar powers oyer trusts and mortgages. The point therefore must be decided by the statute.
As early as 1807 a statute was in force, regulating the mode of proceeding in equity against absent defendants; but that refers solely to cases in which equity had jurisdiction apart from the statute; in other words, it conferred no new jurisdiction. Toul. Dig. 153. At the same time, there was a law in force, giving attachments at law to creditors resident in this state, against non-resident debtors having effects in this state. Toul. Dig. 146; Turner, 108. Its provisions are almost identical with those which prevailed up to 1848. See Hutch. Code, 801, 823. The law regulating the proceedings in equity against absent defendants, remained unchanged until 1822, when the statute, under which this suit was instituted, was passed. The title of this law is, “ an act directing the method of proceeding in courts of equity against absent debtors and other absent defendants, and for regulating the proceedings on attachments against absconding debtors.” Poin. Rev. 157.
The first five sections of the act relate to the proceedings in equity; the remaining sections to the proceedings at law. There is nothing in the former which restricts their provisions to any class of persons; the eleventh section in the latter confines the remedy therein given, to the residents of this state, in express terms, and for that reason alone, it cannot be extended to nonresidents.
The provisions of the statute are too various and minute to be here set out at length. The second section provides, that if the court shall be satisfied “ of the justness of the demand,” it may make such order and decree as may appear just, and enforce the same in the manner heretofore in use for enforcing other decrees. The third section enacts, “ that no sale of any lands *64 shall be made for the satisfaction of any debt due from such defendant, unless the personal fund in the power of the court be insufficient for the purpose.” The fifth section provides, “-that the proceedings in equity against other absent defendants, shall be in all respects the same, both before and after the decree, as are prescribed in relation to absent debtors, so far as they are applicable.”
Thus then it appears, that the legislature conferred the power upon courts of equity, under certain circumstances, to decree the payment of debts, and to enforce such payment. It is needless to conjecture what induced the legislature thus to enlarge the jurisdiction of equity. The statute in regard to attachments at law had been in force for years, and experience might have shown defects which are now concealed. Certain points, however, appear manifest. The property which is proceeded against, may be clothed with trusts or covered with frauds, in a manner which may make the remedy more ample in chancery than at law. The rights, too, of the parties may be more carefully guarded. If the complainant cannot or will not give bond, the effects may be placed in the hands of a receiver; and if the defendant shall appear in five years after the decree, he may set it aside upon certain terms, file his answer, and have the whole matter investigated. These reasons might have induced it, to give a cumulative remedy, and to create a concurrent jurisdiction in this respect in chancery.
The act is copied precisely from one which has been in force in Virginia for many years, and the jurisdiction seems to have been exercised there, without reference to the residence of the complainants. Smith v. Hunt, 2 Rob. Va. R. 206; Platt v. Howland, 10 Leigh, 507. These are not decisions upon the point, but they are cases in which the court acted, without its appearing where the parties complainant resided. If the statute gives the jurisdiction, the fact that the complainants might have proceeeded at law, cannot prejudice their right to elect the forum. The maxim that equity has no jurisdiction where there is a remedy at law, has its origin in the common law, and it can have no influence where the jurisdiction in equity is expressly conferred by statute.
*65 There is no objection to this view, growing out of the constitution, because that instrument, in establishing “ a superior court of chancery, with .full jurisdiction in all matters of equity,” had reference to the system of equity then in force in this state, as derived from the English system, and modified by our legislation. If our construction be correct, the court of chancery had jurisdiction of this class of cases, by express enactment, at the time the constitution was adopted.
But it is said the attachment is not the foundation of the jurisdiction, because that is only awarded by the court upon the return of the process.
The statute confers the jurisdiction, upon the existence of a given state of facts. The attachment is the means by which the jurisdiction is exercised. “ In practice,” it is said in that state from which we derived the proceeding, “ a subpoena against the absent debtor and the garnishee, with a restraining order indorsed by the clerk, served on the garnishee, is as effectual to attach the effects of the absent debtor, in the garnishee’s hands, as a formal order of the court to the same purpose would be.” Erskine v. Staley, 12 Leigh, R. 406. But at most, this objection only militates against the exercise of the jurisdiction before the return of the process.
The bond required to be given by the complainants, under the act, does not appear to have been given before the decree, nor was it required by the decree. This was absolutely necessary. For this reason, the decree will be reversed, and the cause remanded, as was done in the case of Freeman v. Malcom & Gaul, just decided.
Decree reversed and cause remanded.
By Mr. Justice ThacheR. — I concur in the foregoing opinion and conclusion.